**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Russell Miller, et al., | No. CV-22-00071-TUC-JGZ |
| Plaintiffs, | **ORDER** |
| v. | |
| Scott A Miller, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' "Ex Parte Motion for Order; Request to Expedite Case." (Doc. 9.) In the motion, Plaintiffs ask the Court to order the Bank of America to freeze monies, up to $86,000, in Defendants' bank account, to prevent Defendants from withdrawing or otherwise using the money. Plaintiffs do not provide legal authority for their request. For the following reasons, the Court will deny the motion.

**I.      Temporary Restraining Order**

Federal Rule of Civil Procedure 65(b)(1) empowers a court to grant a temporary restraining order (TRO) without written or oral notice to the adverse party "only if":

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  Assuming Plaintiffs fulfilled the requirements of Rule 65,[1] the

---

[1] The requirements for a TRO are more stringent than a preliminary injunction because the Supreme Court's "entire jurisprudence runs counter to the notion of court action taken

Court could not order Bank of America to freeze Defendants' bank account because a TRO can only be issued against the adverse party or their attorney. Bank of America is not a party to this action.

## II.     Preliminary Injunction

The Court notes that Plaintiffs may be able to obtain injunctive relief to restrain *Defendants* from withdrawing the funds after providing notice to Defendants and submitting an application meeting the requirements of Rule 65. *See In re Focus Media, Inc*, 387 F.3d 1077, 1085 (9th Cir. 2004) (noting that the "proscription against preliminary injunctions freezing assets" does not apply to "cases involving bankruptcy and fraudulent conveyances, and cases in which equitable relief is sought"). The Ninth Circuit has cited with approval the Fourth Circuit's explanation of the circumstances under which it would be proper to freeze assets by preliminary injunction:

> [W]hen the plaintiff[] asserts a cognizable claim to specific assets of the defendant or seeks a remedy involving those assets, a court may in the interim invoke equity to preserve the *status quo* pending judgment where the legal remedy might prove inadequate and the preliminary relief furthers the court's ability to grant the final relief requested. The nexus between the assets sought to be frozen through an interim order and the ultimate relief requested in the lawsuit is essential to the authority of a district court in equity to enter a preliminary injunction freezing assets.

*Id.* (quoting *United States v. Oncology Assocs., P.C.*, 198 F.3d 489, 496-97 (4th Cir. 1999) (emphasis in original)). Thus, where plaintiffs allege an equitable cause of action and satisfy the other requirements of Rule 65, an injunction may issue against the adverse party. *See In re Focus Media, Inc,* 387 F.3d at 1085-86 (stating requirements for an injunction).

## III.    Federal Rule of Civil Procedure 64

Rule 64 of the Federal Rule of Civil Procedure permits federal litigants to seek any remedy that is available that, under the law of the state where the court is located, "provides for seizing . . . property to secure satisfaction of the potential judgment." Fed. R. Civ. P.

---

before reasonable notice and an opportunity to be heard has been granted to both sides of a dispute." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (citation omitted). "Courts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Id.*

64. Under Arizona law, a plaintiff "may have the property of a defendant attached as security for satisfaction of any judgment which may be recovered," under certain circumstances, and after compliance with certain conditions. *See* A.R.S. §§ 12-1521, 12-2402. In the pending motion, however, Plaintiffs have not cited these statutes or presented information showing their applicability.

**IV.   Request to Expedite and Resources for Self-Represented Litigants**

To the extent that Plaintiffs seek generally to expedite this case, the Court will deny the motion. The Court can take no further action to expedite until Plaintiffs serve the complaint and summons on the Defendants or file a motion seeking relief.

**V.   Resources**

Finally, the Court informs Plaintiffs that there are resources available at the Court to assist self-represented litigants, including a free advice-only clinic administered by the non-profit organization Step-Up-2-Justice. Clinic is held by appointment, on Thursdays from 1:30 p.m. to 3:30 p.m. Appointments may be scheduled through the federal court librarian at (520) 205-4661 or through email at MaryAnn_O'Neil@LB9.uscourts.gov. A handbook for self-represented litigants and other useful information is available on the Court's website under the tab for self-represented litigants.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' "Ex Parte Motion for Order; Request to Expedite Case" (Doc. 9) is **DENIED.**

Dated this 9th day of March, 2022.

Honorable Jennifer G. Zipps
United States District Judge