**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Russell Miller, et al., | No. CV-22-00071-TUC-JGZ |
| Plaintiffs, | **ORDER** |
| v. | |
| Scott A Miller, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Set Aside Entry of Default. (Doc. 34.) The motion is fully briefed. (Docs. 38, 39.) For the following reasons, the Court will grant the motion.

An entry of default may be set aside for "good cause." Fed. R. Civ. P. 55(c). To determine "good cause" a court considers three factors: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)); *TCI Grp. Life Ins. v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) (noting that courts consider the same facts in setting aside entry of default as in setting aside default judgment). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk*, 739 F.2d at 463.

The Court finds that all three factors weigh in favor of setting aside the entry of default. First, Plaintiffs have failed to show that the ordinary costs of litigation will hinder

their ability to pursue their claim or that the costs are attributable to the short delay in answering; therefore, Plaintiffs will not be prejudiced. *See Falk*, 739 F.2d at 463 (noting that the standard for prejudice is whether plaintiff's "ability to pursue his claim will be hindered"). Second, Defendants assert a potentially meritorious defense, namely that the case should be dismissed because the Court lacks subject matter jurisdiction and Plaintiffs fail to state a claim. *See* Fed. R. Civ. P. 12(b)(1), (6). Finally, Defendants' counsel's mistake in following state law in calculating the deadline to file an answer is not sufficiently culpable conduct. *See TCI Group Life Ins.*, 244 F.3d at 698 ("[W]e have typically held that a defendant's conduct was culpable for purposes of the *Falk* factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond."). Accordingly, the Court will set aside Defendants' entry of default. The Court will consider the pending motion to dismiss before ordering a scheduling conference.

**IT IS ORDERED** that Defendants' Motion to Set Aside Entry of Default (Doc. 34) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Entry of Default (Doc. 31) is **SET ASIDE**.

Dated this 27th day of July, 2022.

_____
Honorable Jennifer G. Zipps
United States District Judge