**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Russell Miller and Lisa Miller, | No. CV-22-00071-TUC-JGZ |
| Plaintiffs, | **ORDER** |
| v. | |
| Scott A Miller and Robin G Frye, | |
| Defendants. | |

In this action, Plaintiffs allege they loaned a substantial sum of money to Defendants, who are their relatives, and that Defendants have failed to comply with the terms of their loan agreement. Defendants have filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 20.) Defendants argue this Court lacks subject matter jurisdiction because the amount in controversy is less than $75,000. Defendants also argue the complaint fails to allege sufficient facts to find an enforceable contract. The motion is fully briefed. (Docs. 20, 21, 23.) The Court will deny the motion.

## BACKGROUND[1]

Russell and Lisa Miller are the uncle and aunt of Defendant Scott Miller. (Doc. 1 at

---

[1] Much of the information contained in this background section is obtained from the parties' briefing on the Motion to Dismiss. The Court includes information outside of the allegations in the Complaint to give context to the parties' arguments. The Court has evaluated the arguments in the Motion to Dismiss solely on the factual allegations contained in the Complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) ("Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss.").

2, Doc. 20 at 2.) It appears that Scott Miller is married to Defendant Robin Frye-Miller. (Doc. 21 at 8.) The parties agree that Plaintiffs sent Defendants $86,000. (Docs. 1 at 4, Doc. 20 at 2.) Plaintiffs allege that the money was a loan and that the parties agreed that the money would be used and repaid in a certain way,[2] and when it wasn't, they demanded that Defendants return the monies. (Doc. 1 at 4.) Plaintiffs attach to their filings, copies of messages where Defendants promise to return the money. (Doc. 21 at 8.)

Defendants allege that the money was a gift. (Doc. 20 at 4.) In addition, Defendants argue that, even if the Court finds that the money was not a gift, the amount of money at issue is insufficient to invoke this Court's diversity jurisdiction, because on December 9, 2021, Defendants returned $14,000 of the $86,000 they received from the Plaintiffs. (*Id*. at 4.) Defendants attach as an exhibit, a copy of a check from David Eugene Miller for $14,000 made payable to Plaintiff Russell Miller. (*Id*. at Ex. 1.)

Plaintiffs dispute that the $14,000 check is related to the loan. (Doc. 21 at 9.) Plaintiffs point out that the check is from David Miller and David Miller is not a party. Plaintiffs argue there is no evidence the check is related to the present dispute. (*Id*.)

The Complaint itself includes minimal factual allegations. Under the "Statement of Claim" section of the Complaint, Plaintiffs allege:

> Defendants entered into a verbal contract with Plaintiffs to borrow money from Plaintiffs. The money was to pay for a manufactured home, and other considerations involving Real Property. Plaintiffs were misled into believing that the home was ready fo[r] delivery, but that the Defendants did not have the funds to complete the sale. This verbal contract was consummated by written communication from Defendants to Plaintiffs.
>
> Defendants misled Plaintiffs, and in no way met the terms of the agreement. Defendants then, in written com[m]unication, promised to return the money to Plaintiffs, and now claim they will not do so.
>
> Jury tr[ia]l has been requested to determine the facts of . . . Actual Contract . . . Reasonable damages.

(Doc. 1 at 4.) Under the "Relief" section of the Complaint, Plaintiffs state:

> Plaintiffs are people who rely solely on pensions for their income. The loan to Defendants was made using personal savings, and intended as a personal

---

[2] Plaintiffs allege Defendants agreed to give Plaintiffs ownership of a trailer (value $9,000), and pay the note on a second trailer (value $65,000). (Doc. 21 at 2.)

> favor to Defendants, and also part of a plan to benefit both parties. The unreasonal [sic] and continuing actions of the Defendants are causing damage to plaintiffs by the loss of benefit of their Assets.
>
> Plaintiffs ask that this Court take such action as be available to accomplish the return, by Defendants, to Plaintiffs, The $86,000, and also damages as the Court may deem reasonable.

(*Id.*)  In addition, Plaintiffs allege in the Complaint that the amount in controversy is $94,300.00, which includes $86,000 cash advanced to Defendants plus "other as yet undetermined amounts." (*Id.*)

## DISCUSSION

### I.   Subject-Matter Jurisdiction

Federal courts are courts of limited jurisdiction and can hear cases involving parties from different states only where the amount in "controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). If a federal court determines there is no subject-matter jurisdiction, the court must dismiss the case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Defendants assert that the Court lacks subject-matter jurisdiction because the amount in controversy in this action is less than $75,000. For this to be true, however, the Court must accept Defendants' allegation that the $14,000 check from non-party David Miller was a repayment of the loan.[3] Plaintiffs deny this is a repayment. (Doc. 21 at 9.) In Defendants' Reply, they further argue that Plaintiffs' denial lacks credibility and evidentiary support and should be disregarded. (Doc. 23 at 1.)

Defendants are mistaken in suggesting that Plaintiffs need evidentiary support at this stage of the proceedings to prove the amount in controversy. Because Plaintiffs "originally file[d] in federal court, the amount in controversy is determined from the face of the pleadings." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (cleaned up). "The amount in controversy alleged by the proponent of federal jurisdiction . . . controls so long as the claim is made in good faith." *Id.* Thus, a "federal court has subject-matter jurisdiction unless upon the face of the

---

[3]   This is also a big evidentiary leap because Defendants claim that Plaintiffs "gifted" them $86,000.

complaint, it is obvious that the suit cannot involve the necessary amount." *Id.* (citation omitted). Federal courts "use [this] *legal certainty* test to determine whether the complaint meets § 1332(a)'s amount in controversy requirement." *Naffe v. Frey*, 789 F.3d 1030, 1039 (9th Cir. 2015) (emphasis in original).

Applying the foregoing standards, the Court will deny the motion to dismiss for lack of subject-matter jurisdiction. In the Complaint, Plaintiffs sufficiently allege $94,300 in damages, including $86,000 in cash for the loan, "plus other as yet undetermined amounts." Under the legal certainty test, dismissing a claim for lack of subject-matter jurisdiction is only appropriate if Defendants prove either as a matter of law the amount of damages cannot be recovered or "the amount of damages was claimed merely to obtain federal court jurisdiction." *Naffe*, 789 F.3d at 1039. Defendants have failed to meet that burden. *See Geographic Expeditions, Inc.*, 599 F.3d at 1102.

## II. Failure to State a Claim

Defendants argue that Plaintiffs fail to state a breach of contract claim because "Plaintiffs have not alleged any facts that would support a finding that there was a contract or that a contract was breached." (Doc. 20 at 3.) Defendants argue "Plaintiffs have not alleged Defendants had any contractual duty to use the funds for the specific purpose of purchasing a manufactured home." (*Id.*) According to Defendants, Plaintiff's "unilateral understanding does not create an implied contract." (*Id.*) Furthermore, Defendants argue the statute of frauds applies to a transaction for the sale of goods in excess of $500 and, therefore, Plaintiffs' inability to produce a written contract is fatal to their Complaint and it must be dismissed. (*Id.* at 4.)

### a. Allegations of Breach of Contract

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of [their] entitlement to relief requires more than labels and conclusions." *Id*. (cleaned up). Dismissal is appropriate under Rule 12(b)(6) if the facts alleged do not state a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

It is well established that on a motion to dismiss all well-pleaded factual allegations in the complaint will be taken as true. *Bell Atlantic Corp*, 550 U.S. at 555. Moreover, because Plaintiffs filed their complaint pro se, the complaint must be "liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also* Fed. R. Civ. Pro. Rule 8(e) ("Pleadings must be construed so as to do justice.").

Under Arizona law, "to state a breach of contract claim, a plaintiff must allege that (1) a contract existed, (2) it was breached, and (3) the breach resulted in damages." *Steinberger v. McVey*, 318 P.3d 419, 434 ¶ 67 (Ariz. Ct. App. 2014). To prove a contract existed, the plaintiff must allege an "offer, an acceptance, consideration, and sufficient specification of terms so that obligations involved can be ascertained." *Armiros v. Rohr*, 416 P.3d 864, 869 ¶ 17 (Ariz. Ct. App. 2018).

Reviewing the Complaint in light of these standards, Plaintiffs sufficiently allege a breach of contract claim. In the Complaint, Plaintiffs allege the parties verbally entered a contract. The contract was for Defendants "to borrow money from Plaintiffs . . . to pay for a manufactured home, and other considerations involving real property." Plaintiffs alleged that the "verbal contract was consummated by written communication." Plaintiffs allege that they provided the money to Defendants and that Defendants breached the contract by not using the money to pay for a manufactured home as agreed. These allegations, if true, are sufficient to state a breach of contract claim as Plaintiffs allege that the parties mutually consented, both verbally and in writing, to certain terms.[4]

---

[4] Although not specifically pled, Plaintiffs' Complaint may also state a claim for promissory estoppel or acceptance by partial performance. *See Fontana v. Haskin*, 262 F.3d 871, 877 (9th Cir. 2001) ("Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief.").

**b. Statute of Frauds**

Defendants have raised the affirmative defense of statute of frauds. *See* Fed. R. Civ. Pro. 8(c). When an affirmative defense is raised in a motion to dismiss, the "complaint may be subject to dismissal under Rule 12(b)(6) when [the] affirmative defense appears on" the face of the complaint. *Jones v. Bock*, 549 U.S. 199, 215 (2007) (cleaned up); *see also Puri v. Khalsa*, 844 F.3d 1152, 1158 (9th Cir. 2017). Arizona's Statute of Frauds provides in relevant part:

> No action shall be brought in any court in the following cases unless the promise or agreement upon which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereunto lawfully authorized:
> . . .
> 4. Upon a contract to sell or a sale of goods or choses in action of the value of five hundred dollars or more, unless the buyer accepts part of the goods or choses in action, and actually receives them or gives something in earnest to bind the contract, or in part payment, but when a sale is made at auction, an entry by the auctioneer in his sale book, made at the time of the sale, of the kind of property sold, the terms of the sale, the price, and the name of the purchaser and person on whose account the sale is made is a sufficient memorandum.
> . . .
> 6. Upon an agreement for leasing for a longer period than one year, or for the sale of real property or an interest therein. Such agreement, if made by an agent of the party sought to be charged, is invalid unless the authority of the agent is in writing, subscribed by the party sought to be charged.

A.R.S. § 44-101.

Here, the applicability of the statute of frauds is not apparent from the allegations in the Complaint. However, Plaintiffs' Response states that one of the terms of the agreement was the transfer of trailer(s) valued at more than $500. (Doc. 21 at 2.) The contract may therefore be subject to the statute of frauds as it may include the sale of goods for over $500.[5]

---

[5] On a Motion to Dismiss, the Court generally "must disregard facts that are not alleged on the face of the complaint or contained in documents attached to the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (considering a web page attached to the motion to dismiss where the web page was not disputed by the non-movant). Similarly, the *incorporation by reference* doctrine permits the court to consider documents "whose contents are alleged in a complaint and whose authenticity no party questions." *Id*. Here, Plaintiffs suggest that the alleged agreement involved the transfer or funding of two trailers.

If the agreement is subject to the statute of frauds, Plaintiffs must allege a writing of the agreement signed by Defendants for the agreement to be enforceable or assert another defense to the statute of frauds. Plaintiffs allege in the complaint that there is written communication from Defendants that consummates the verbal agreement. (Doc. 1 at 4.) Because factual allegations are taken as true at the pleading stage, this allegation is sufficient to defeat Defendants' motion.

For the foregoing reasons,

**IT IS ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 21) is **DENIED**.
2. Plaintiffs' motions to amend are **DENIED** without prejudice. (Docs. 22, 27.) The Court notes that Plaintiffs have retained counsel. Plaintiffs may file a renewed motion to amend with an attached proposed complaint as required by the local rules within fourteen (14) days of the date of this Order.
3. Plaintiffs' Motion to Object (Doc. 24) and Request for Judicial Notice (Doc. 28) are **DENIED**.
4. If no amended complaint is filed, Defendants must file an answer to the Complaint within twenty-one (21) days of the date of this Order.

Dated this 5th day of August, 2022.

_____
Honorable Jennifer G. Zipps
United States District Judge

---

(Doc. 21 at 2.)